## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KEVIN HERMENEGILDO, : | |
| Individually and on behalf of other : | |
| similarly situated individuals, : | |
| *Plaintiff,* : | CLASS ACTION |
| : | |
| v. : | C.A. No.: |
| : | |
| RC&D, INC. and JAMES HENEBURY, : | |
| Individually and in his capacity as CEO : | |
| And Vice President of RC&D, INC. : | JURY TRIAL DEMANDED |
| *Defendants.* : | |

## COMPLAINT

This is an action brought on behalf of Kevin Hermenegildo (hereinafter referred to as "Named Plaintiff" and/or "Hermenegildo") as an hourly employee of RC&D, Inc. in Rhode Island. Defendants, RC&D, Inc. and James Henebury, individually and in his capacity as CEO and Vice President of RC&D, Inc. (hereinafter, collectively referred to as "Defendants" unless otherwise indicated expressly or by context), have violated Rhode Island and Massachusetts wage laws, the Fair Labor Standards Act ("FLSA"), and the Employee Retirement Income Security Act ("ERISA") by failing to pay Hermenegildo and similarly situated individuals the prevailing wage assigned to job sites in both Massachusetts and Rhode Island and for failing to segregate and deposit Hermenegildo's 401k benefits in a timely manner.

Named Plaintiff, Kevin Hermenegildo, brings this action on behalf of himself and others similarly situated and seeks recovery of all unpaid prevailing wages, unpaid overtime wages and a reimbursement of withheld benefits. Named Plaintiff also seeks treble damages, interest, cost and attorneys' fees, and all other relief to which he is entitled.

## PARTIES

1. Named Plaintiff Kevin Hermenegildo is an adult resident of Fall River, Massachusetts. He was employed by Defendants as a laborer from September of 2014 until April of 2016 under the Rhode Island wage laws.

2. Named Plaintiff brings this action on behalf of himself and all other similarly situated individuals, namely all other individuals who have worked as hourly employees for Defendants and have not received all prevailing wages, overtime, minimum wage and contributions to their 401K account to which they are entitled, as described below. The proposed class meets the requirements for class certification in R.I.G.L. §37-13, M.G.L. §149-26, M.G.L. §149-27, M.G.L. §148-150.

3. With respect to claims brought under the FLSA, this action is brought pursuant to the opt-in collective action provisions of the FLSA, 29 U.S.C. §216(b).

4. Defendant, RC&D, Inc. (hereinafter, "RC&D"), is a corporation incorporated in Rhode Island, with a principle office in Pawtucket, Rhode Island. RC&D is an employer under the Rhode Island wage laws.

5. Defendant, James Henebury (hereinafter, "Henebury"), is an adult resident of Pawtucket, Rhode Island and is the CEO and Vice President of RC&D. Defendant Henebury is involved in the operations and management of the facilities and is responsible for overseeing employees and setting employees' pay rates. Defendant Henebury is individually liable for the violations alleged herein.

## JURISDICTION AND VENUE/ AMOUNT IN CONTROVERSY

6. This Court has jurisdiction over this matter pursuant to 29 U.S.C. 1331 because Named Plaintiff asserts claims arising under federal law; specifically, the FLSA, 29, U.S.C. §201,

*et seq*. Supplemental jurisdiction over state law claims set forth herein is predicated on 28 U.S.C. §1367 as they arise out of the same case or controversy.

7. Venue in the District of Rhode Island is proper insofar as Defendants are doing business in Rhode Island and therefore are deemed to reside in the District of Rhode Island, in compliance with the requirements set forth in 28 U.S.C. §1391.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Pursuant to the state law requirements as set forth in M.G.L. c. 149, § 150, Named Plaintiff Hermenegildo filed his statutory claim with the Office of the Attorney General shortly after leaving RC&D.

9. In response to this, the Attorney General's office issued to Hermenegildo a Right to Sue on behalf of himself as well as others who found themselves similarly situated *See Exhibit A*.

10. There is no requirement under R.I.G.L. 37-13-1 et seq that a party file an administrate complaint or obtain a right to sue before filing suit.

## FACTS

11. In September of 2014, Hermenegildo began working for RC&D, for whom he worked until April of 2016.

12. Hermenegildo was assigned to RC&D's public contract with the Bresnahan Elementary School in Newburyport, MA. Under Massachusetts law, the public contract required that RC&D to pay their employees a prevailing base wage of $31.10 per hour, up to $7.10 per hour in health benefits and up to $11.55 per hour in pension and/or 401k benefits.

13. Under Massachusetts law, any employer engaged in a prevailing wage public

works project who does not provide employees with said fringe benefits, shall pay the amount of said benefit payments to the each employee engaged in the public works project. *M.G.L. § 149-27.*

14. Hermenegildo worked on the Bresnahan Elementary School job throughout September and October of 2014. During this time Hermenegildo worked 137.5 hours and 46.5 hours of overtime, and was paid $31.10 per hour and $46.65 per overtime hour.

15. Despite RC&D crediting the entirety of allowed fringe, it was only permitted to credit Hermenegildo's actual cost of health and 401k contributions. Hermenegildo's approximate health cost was $2.44 per hour and, during the time period specified, RC&D only contributed $0.01 to Hermenegildo's 401k.

16. Therefore, Hermenegildo should have been compensated $47.30 per hour and $70.95 per overtime hour.

17. RC&D paid Hermenegildo a total of $6,445.48 for this time period, despite knowing that the total prevailing wage was $47.30. If RC&D had properly compensated Hermenegildo at the prevailing rate of $47.30 per hour and $70.95 per overtime hour, Hermenegildo would have received $9,802.93.

18. RC&D owes Hermenegildo a total of unpaid base wages in the amount of approximately $3,357.45 for the time period of September and October of 2014.

19. Hermenegildo continued to work on the Bresnahan Elementary School job throughout November of 2014. During this time, Hermenegildo worked for 42 hours and 8 overtime hours.

20. Despite, RC&D crediting the entirety of allowed fringe, it was only

permitted to credit Hermenegildo's actual cost of health and 401k contributions. Hermenegildo's approximate health cost was $2.44 per hour and, during the time period specified, RC&D only contributed $9.83 to Hermenegildo's 401k.

21. Therefore, Hermenegildo should have been compensated $37.48 per hour and $56.22 per overtime hour.

22. RC&D paid Hermenegildo a total of $1,679.40 for this time period, despite knowing that the prevailing total wage was $37.48. If RC&D had properly compensated Hermenegildo at the prevailing rate of $37.48 per hour and $56.22 per overtime hour, Hermenegildo would have received $2,023.92.

23. RC&D owes Hermenegildo a total of unpaid base wages in the amount of approximately $344.52 for the time period of November of 2014.

24. In October of 2014, Hermenegildo was assigned to RC&D's public contract with Penn Brook Elementary School in Georgetown, Massachusetts. Under Massachusetts law, the public contract required that RC&D pay their employees a prevailing base wage of $30.85, up to $7.10 per hour in health benefits and up to $11.80 per hour in pension and/or 401k benefits

25. Hermenegildo worked on the Penn Brook Elementary School job throughout October of 2014. During this time, Hermenegildo worked for 80 hours and 9.5 hours overtime and was paid $30.85 per hour and $46.28 per overtime hour.

26. Despite RC&D crediting the entirety of allowed fringe, it was only permitted to credit Hermenegildo's actual cost of health and 401k contributions. Hermenegildo's approximate health cost was $2.44 per hour and, during the time period specified, RC&D only contributed $0.01 to

5

Hermenegildo's 401k.

27. Therefore, Hermenegildo should have been compensated $47.30 per hour and $70.95 per overtime hour.

28. RC&D paid Hermenegildo a total of $2,907.62 for this time period, despite knowing that the total prevailing wage was $47.30. If RC&D had properly compensated Hermenegildo at the prevailing rate of $47.30 per hour and $70.95 per overtime hour, Hermenegildo would have received $4,458.03.

29. RC&D owes Hermenegildo a total of unpaid base wages in the amount of approximately $1,550.41 for the time period of October of 2014.

30. Hermenegildo continued to work on the Penn Brook Elementary School job throughout November of 2014. During this time Hermenegildo worked for 94 hours and 9.5 over time hours.

31. Despite RC&D crediting the entirety of allowed fringe, it was only permitted to credit Hermenegildo's actual cost of health and 401k contributions. Hermenegildo's approximate health cost was $2.44 per hour and, during the time period specified, RC&D only contributed $9.83 to Hermenegildo's 401k.

32. Therefore, Hermenegildo should have been compensated $37.48 per hour and $56.22 per overtime hour.

33. RC&D paid Hermenegildo a total of $3,339.52 for this time period, despite knowing that the total prevailing wage was $37.48. If RC&D had properly compensated Hermenegildo at the prevailing rate of $37.48 per hour and $56.22 per overtime hour, Hermenegildo would have received $4,095.51.

34. RC&D owes Hermenegildo a total of unpaid base wages in the amount of approximately $717.69 for the time period of November of 2014.

35. Hermenegildo continued to work on the Penn Brook Elementary School job from September of 2015 throughout November of 2015. Under Massachusetts law, the public contract required that RC&D pay their employees a prevailing base wage of $31.85, and up to $7.10 per hour in health benefits and up to $11.80 per hour in pension and/or 401k benefits

36. During this time, Hermenegildo worked for 481.5 hours and 60.5 hours of overtime and was paid $31.35 per hour and $46.85 per overtime hour.

37. Despite RC&D crediting the entirety of allowed fringe, it was only permitted to credit Hermenegildo's actual cost of health and 401k contributions. Hermenegildo's approximate health cost was $2.44 per hour and, during the time period specified, RC&D only contributed $0.01 to Hermenegildo's 401k.

38. Therefore, Hermenegildo should have been compensated $48.30 per hour and $72.45 per overtime hour.

39. RC&D paid Hermenegildo a total of $18,622.46 for this time period, despite knowing that the total prevailing wage was $48.30. If RC&D had properly compensated Hermenegildo at the prevailing rate of $48.30 per hour and $72.45 per overtime hour, Hermenegildo would have received $27,639.68.

40. RC&D owes Hermenegildo a total of unpaid base wages in the amount of approximately $9,017.22 for the time period of September throughout November of 2015.

41. In November of 2014, Hermenegildo was assigned to RC&D's public contract with Camp Cronin in Narragansett, Rhode Island. Under Rhode Island state law, the public

contract required that RC&D to pay their employees a prevailing wage of $27.55 per hour and up to $22.45 per hour in fringe benefits.[1]

42. Hermenegildo worked within Camp Cronin from throughout November of 2014. During this time, Hermenegildo worked for 48 hours and was paid $27.55 per hour.

43. Despite RC&D crediting the entirety of allowed fringe, it was only permitted to credit Hermenegildo's actual cost of health and 401k contributions. Hermenegildo's approximate health cost was $2.44 per hour and, during the time period specified, RC&D only contributed $9.83 to Hermenegildo's 401k.

44. Therefore, Hermenegildo should have been compensated $37.73 per hour.

45. RC&D paid Hermenegildo a total of $1,763.20 for this time period, despite knowing that the prevailing wage was $37.73. If RC&D properly compensated Hermenegildo at the prevailing rate of $37.73 per hour, Hermenegildo would have received $1,811.04.

46. RC&D owes Hermenegildo a total of unpaid base wages in the amount of approximately $47.84 for the time period of November of 2014.

47. Hermenegildo continued to work at Camp Cronin on behalf of RC&D from December of 2014 through June of 2015. During this time, Hermenegildo worked for 962.50 hours and 66 overtime hours.

48. Despite RC&D crediting the entirety of allowed fringe, it was only permitted to credit Hermenegildo's actual cost of health and 401k contributions. Hermenegildo's approximate health cost was $2.44 per hour

---

[1] This figure is based off of the 2013 Rhode Island prevailing wage General Decision provided by RC&D; actual damages may be higher.

8

and, during the time period specified, RC&D only contributed $0.01 to Hermenegildo's 401k.

49. Therefore, Hermenegildo should have been compensated $47.55 per hour and $71.33 per overtime hour.

50. RC&D paid Hermenegildo a total of $30,125.96 for this time period, despite knowing that the prevailing wage was $47.55. If RC&D had properly compensated Hermenegildo at the prevailing rate of $47.55 per hour and $71.33 per overtime hour, Hermenegildo would have received $50,474.33.

51. RC&D owes Hermenegildo a total of unpaid base wages in the amount of approximately $20,348.37 for the time period of December of 2014 through May of 2015.

52. In June of 2015, Hermenegildo was assigned to RC&D's public contract with J.J. Hill School in Revere, Massachusetts. Under Massachusetts law, the public contract required that RC&D to pay their employees a prevailing base rate of $36.05 and up to $7.10 per hour in health benefits and up to $12.45 per hour in 401k/pension benefits.

53. Hermenegildo worked within J.J. Hill School from June of 2015 throughout July of 2015. During this time, Hermenegildo worked for 293.5 hours and 4.5 hours of overtime and was paid $35.10 per hour and $52.65 per overtime hour.

54. Despite RC&D crediting the entirety of allowed fringe, it was only permitted to credit Hermenegildo's actual cost of health and 401k contributions. Hermenegildo's approximate health cost was $2.44 per hour and, during the time period specified, RC&D only contributed $12.45 to Hermenegildo's 401k.

55. Therefore, Hermenegildo should have been compensated $40.71 per hour and $61.07 per overtime hour.

56. RC&D paid Hermenegildo a total of $10,722.79 for this time period, despite knowing that the prevailing wage was $40.71. If RC&D properly compensated Hermenegildo at the prevailing rate of $40.71 per hour and $61.07 per overtime hour, Hermenegildo would have received $12,223.18.

57. RC&D owes Hermenegildo a total of unpaid base wages in the amount of approximately $1,500.39 for the time period of June of 2015 through July of 2015.

58. Hermenegildo continued to work on the J.J. Hill job throughout August of 2015. During this time Hermenegildo worked for 157.5 hours and 48.5 overtime hours. He continued to earn $35.10 per hour and $52.65 per overtime hour.

59. Despite RC&D crediting the entirety of allowed fringe, it was only permitted to credit Hermenegildo's actual cost of health and 401k contributions. Hermenegildo's approximate health cost was $2.44 per hour and, during the time period specified, RC&D only contributed $0.01 to Hermenegildo's 401k.

60. Therefore, Hermenegildo should have been compensated $53.15 per hour and $79.73 per overtime hour.

61. RC&D paid Hermenegildo a total of $6,765.53 for this time period, despite knowing that the prevailing wage was $53.15. If RC&D had properly compensated Hermenegildo at the prevailing rate of $53.15 per hour and $79.73 per overtime hour, Hermenegildo would have received $12,237.79.

62. RC&D owes Hermenegildo a total of unpaid base wages in the amount of approximately $5,472.26 for the time period of August of 2015.

63. In August of 2015, Hermenegildo was assigned to RC&D's public contract with

Assabet Valley Regional Technical High School, in Marlborough, Massachusetts. Under Massachusetts law, the public contract required that RC&D pay their employees a prevailing wage of $31.15, and up to $7.30 per hour in health benefits and up to $12.30 per hour in pension and/or 401k benefits.

64. Hermenegildo worked within Assabet Valley Regional Technical High School throughout the month of August of 2015. During this time, Hermenegildo worked for 42.5 hours and 26.5 hours of overtime and was paid $31.15 per hour and $46.72 per overtime hour.

65. Despite RC&D crediting the entirety of allowed fringe, it was only permitted to credit Hermenegildo's actual cost of health and 401k contributions. Hermenegildo's approximate health cost was $2.44 per hour and, during the time period specified, RC&D only contributed $0.01 to Hermenegildo's 401k.

66. Therefore, Hermenegildo should have been compensated $48.30 per hour and $72.45 per overtime hour.

67. RC&D paid Hermenegildo a total of $3,878.34 for this period, despite knowing that the prevailing wage was $48.30. If RC&D had properly compensated Hermenegildo at the prevailing rate of $48.30 per hour and $72.45 per overtime hour, Hermenegildo would have received $3,972.68.

68. RC&D owes Hermenegildo a total of unpaid base wages in the amount of approximately $94.34 for the time period of August of 2015.

69. In November of 2015, Hermenegildo was assigned to RC&D's public contract with Plymouth South High School. Under Massachusetts law, the public contract required that RC&D to pay their employees a prevailing base wage of $31.15, and up to $7.30 per hour in

11

health benefits and up to $12.30 per hour in pension and/or 401k benefits.

70. Mr, Hermenegildo worked within Plymouth South High School from November of 2015 through December of 2015. During this time, Hermenegildo worked for 168 hours and 11 hours overtime and was paid $31.15 per hour and $46.73 per overtime hour.

71. Despite RC&D crediting the entirety of allowed fringe, it was only permitted to credit Hermenegildo's actual cost of health and 401k contributions. Hermenegildo's approximate health cost was $2.44 per hour and, during the time period specified, RC&D only contributed $0.01 to Hermenegildo's 401k.

72. Therefore, Hermenegildo should have been compensated $48.30 per hour and $72.45 per overtime hour.

73. RC&D paid Hermenegildo a total of $3,956.06 for this time period, despite knowing that the prevailing wage was $48.30. If RC&D had properly compensated Hermenegildo at the prevailing rate of $48.30 per hour and $72.45 per overtime hour, Hermenegildo would have received $8,911.35.

74. RC&D owes Hermenegildo a total of unpaid base wages in the amount of approximately $4,955.29 for the time period of November 2015 through December 2015.

75. Hermenegildo continued to work at the Plymouth South High School job throughout January of 2016. During this time, Hermenegildo worked for 182 hours and 0.5 overtime hours. He continued to earn $31.15 per hour and $46.73 per overtime hour.

76. Despite RC&D crediting the entirety of allowed fringe, it was only permitted to credit Hermenegildo's actual cost of health and 401k contributions. Hermenegildo's approximate health cost was $2.44 per hour

12

and, during the time period specified, RC&D only contributed $12.30 to Hermenegildo's 401k.

77. Therefore, Hermenegildo should have been compensated $36.51 per hour and $54.77 per overtime hour.

78. RC&D paid Hermenegildo a total of $5,692.66 for this time period, despite knowing that the prevailing wage was $36.51. If RC&D had properly compensated Hermenegildo at the prevailing rate of $36.51 per hour and $54.77 per overtime hour, Hermenegildo would have received $6,672.20.

79. RC&D owes Hermenegildo a total of unpaid base wages in the amount of approximately $979.54 for the time period of January of 2016.

80. Hermenegildo continued to work at the Plymouth South High School job through February and March of 2016. During this time, Hermenegildo worked 290 hours and 16 overtime hours. He continued to earn $31.15 per hour and $46.73 per overtime hour.

81. Despite RC&D crediting the entirety of allowed fringe, it was only permitted to credit Hermenegildo's actual cost of health and 401k contributions. Hermenegildo's approximate health cost was $2.44 per hour and, during the time period specified, RC&D only contributed $0.01 to Hermenegildo's 401k.

82. Therefore, Hermenegildo should have been compensated $48.80 per hour and $73.20 per overtime hour.

83. RC&D paid Hermenegildo a total of $9781.10 for this time period, despite knowing that the prevailing wage was $48.80. If RC&D had properly compensated Hermenegildo at the prevailing total rate of $48.80 per hour and $73.20 per overtime hour,

Hermenegildo would have received $15,323.20.

84. RC&D owes Hermenegildo a total of unpaid base wages in the amount of approximately $5,542.10 for the time period of February and March of 2016.

85. Hermenegildo continued to work on the Plymouth South High School job throughout April of 2016. During this time, Hermenegildo worked 112 hours and 16 overtime hours. He continued to earn $31.15 per hour and $46.73 per overtime hour.

86. Despite RC&D crediting the entirety of allowed fringe, it was only permitted to credit Hermenegildo's actual cost of health and 401k contributions. Hermenegildo's approximate health cost was $2.44 per hour and, during the time period specified, RC&D only contributed $12.30 to Hermenegildo's 401k.

87. Therefore, Hermenegildo should have been compensated $36.51 per hour and $54.77 per overtime hour.

88. RC&D paid Hermenegildo a total of $2753.50 for this time period, despite knowing that the prevailing wage was $36.51. If RC&D had properly compensated Hermenegildo at the prevailing total rate of $36.51 per hour and $54.77 per overtime hour, Hermenegildo would have received $4,965.36.

89. RC&D owes Hermenegildo a total of unpaid base wages in the amount of approximately $2,211.86 for the time period of April of 2016.

90. For the entirety of Hermenegildo's employment with RC&D he is still owed $56,139.25 for unpaid paid wages accrued on prevailing wage jobs.

91. In addition to failing to pay Hermenegildo the appropriate prevailing rate and overtime, RC&D collected, upon information and belief, approximately $60,000.00 for

Hermenegildo's 401k account.

92. The money collected for Hermenegildo's 401k account was either not timely deposited, as required by ARISA, or, at time, not deposited at all.

93. Because Hermenegildo was not compensated the correct base rate, he was also undercompensated for his overtime rate.

### Allegations Common to Named Plaintiff and All Class Plaintiff

94. At all relevant times, Named Plaintiff and Class Plaintiffs worked for Defendants as laborers.

95. At all relevant times, Named Plaintiff and Class Plaintiffs worked prevailing rate jobs for Defendant.

96. At all relevant times, Named Plaintiff and Class Plaintiffs were subject to the same payment practices as described in paragraphs 1 through 94.

97. At all relevant times, Named Plaintiff and Class Plaintiffs were paid less than prevailing rate for all of Defendants prevailing rate jobs.

98. At all relevant times, Named Plaintiff and Class Plaintiffs were paid less than the rate of overtime, as required by the FLSA and the Massachusetts Wage Act.

99. At all relevant times, Named Plaintiff and Class Plaintiffs' 401k contributions were not timely segregated and deposited.

### COUNT I
(FAILURE TO PAY PREVAILING WAGE IN RHODE ISLAND)

100. Named Plaintiff and Class Plaintiffs restate and reaffirm the allegations contained in paragraphs 1 through 99 as though fully set forth herein.

101. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated Rhode Island law, thereby causing Plaintiff

to suffer damages as aforesaid, for which they are entitled to relief pursuant to RIGL § 37-13-7.

## COUNT II
(FAILURE TO PAY PREVAILING WAGE IN MASSACHUSETTS)

102. Named Plaintiff and Class Plaintiffs restate and reaffirm the allegations contained in paragraphs 1 through 101 as though fully set forth herein.

103. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated Massachusetts law, thereby causing Named Plaintiff to suffer damages as aforesaid, for which they are entitled to relief pursuant to MGL § 149-26.

104. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated Massachusetts law, thereby causing Named Plaintiff to suffer damages as aforesaid, for which they are entitled to relief pursuant to MGL § 149-27.

## COUNT III
(FAILURE TO TIMELY DEPOSIT OR PAY BENEFITS)

105. Named Plaintiff and Class Plaintiff restate and reaffirm the allegations contained in paragraphs 1 through 104 as though fully set forth herein.

106. Failure to deposit funds into Named Plaintiff and Class Plaintiffs' 401k account or to otherwise pay benefits constitutes a violation of 29 U.S.C. 1132.

107. As a participant in RC&D's ERISA-covered 401K plan, Hermenegildo is empowered to bring a civil action to recover benefits, obtain equitable relief, and seek civil penalties for RC&D's:

Failure to deposit 401k funds within the time required by ERISA;

Failure to keep employee contributions separate from general funds;

Failure to deposit employee contributions;

Use of employee contributions for general business purposes; and,

Failure to provide Hermenegildo with basic information regarding the 401k plan. 29 U.S.C. § 1132.

108. ERISA regulations require contributions to be sent to the plan within seven (7) days from the date the amount would have been paid to the participant in cash. 29 C.F.R. 2510.3-102.

109. Upon information and belief, none of these monies were contributed to Named Plaintiff and Class Plaintiffs' 401k account within seven (7) days of the withholding.

110. Therefore, because of RC&D's willful failure, Named Plaintiff and Class Plaintiffs are entitled to a refund of his unpaid contributions, interest on those contributions, liquidated damages in an amount not to exceed twenty per cent (20%) of the unpaid contributions, reasonable attorneys' fees and costs of the action. 29 U.S.C. § 1132 (g).

## COUNT IV
## FAILURE TO PAY OVERTIME UNDER FLSA

111. Named Plaintiff and Class Plaintiffs restate and reaffirm the allegations contained in paragraphs 1 through 110 as though fully set forth herein.

112. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated Federal law, thereby causing Plaintiff to suffer damages as aforesaid, for which they are entitled to relief pursuant to 29 U.S.C. § 201, *et seq.*

## COUNT V
## FAILURE TO PAY OVERTIME UNDER MASSACHUSETTS WAGE ACT

113. Named Plaintiff and Class Plaintiffs restate and reaffirm the allegations contained in paragraphs 1 through 112 as though fully set forth herein.

114. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated Massachusetts law, thereby causing Plaintiff to suffer damages as aforesaid, for which they are entitled to relief pursuant to M.G.L. § 148-150.

### DESIGNATION OF TRIAL COUNSEL

Named Plaintiff hereby designates Geoffrey M. Aptt, Esq. as trial counsel.

### JURY DEMAND

Named Plaintiff hereby requests a trial by jury on all claims.

WHEREFORE, Named Plaintiff requests that this Court enter the following relief:

1. Certification of this case as a class action suit pursuant to

2. An award of damages for all prevailing wages, holidays wages, and fringe benefits that are due to the named Named Plaintiff and all similarly situated employees;

3. Statutory trebling of all wage-related damages;

4. Attorney's fees and costs;

5. Pre- and post- judgement interest; and

6. Any other relief to which the Named Plaintiff and similarly situated employees may be entitled.

Respectfully Submitted,

KEVIN HERMENEGILDO, on behalf of himself and all individuals similarly situated,

By and through his Attorney,

 /s/ Geoffrey M. Aptt
Geoffrey M. Aptt, Esq. (#9264)
DARROWEVERETT LLP
One Turks Head Place, Suite 1200
Providence, RI 02903
Tel.: (401) 453-1200
Fax.: (401) 453-1201
gaptt@darroweverett.com

**Dated: March 1, 2018**